**UNITED STATES of America**

v.

**Warren L. COATES.**

**Civ. A. No. 72–24.**

United States District Court,
M. D. Louisiana.

July 18, 1972.

Gerald J. Gallinghouse, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., for United States of America.

J. Peyton Parker, Jr., Baton Rouge, La., for defendant.

**E. GORDON WEST, Chief Judge:**

The United States Government seeks to recover the sum of $2,269.14 which it claims was paid to the defendant, Warren L. Coates, pursuant to the provisions of 38 U.S.C.A. § 1652, which provides for benefits to veterans while involved in full time institutional on-farm training. The Government, in its complaint, does not allege that the moneys were fraudulently obtained, nor do they allege that the moneys were paid by mistake. They simply allege that the money was paid over a specified period of time and that the defendant "was not entitled to the allowance * * * in that he was either full-time or part-time employed in non-farm occupations" and that "he was enrolled in college as a full-time student and worked his farm only on Saturdays." The periods involved were certain periods between September 1, 1958 and March 2, 1962. This suit was filed on November 19, 1971, or nine years and eight months after the end of the last period involved.

■ The defendant answers with a motion to dismiss on the ground that more than six years have elapsed since the last payment was made to the defendant, and that hence under the False Claims Act, 31 U.S.C.A. § 235, this suit is not timely filed. The Government responds in oral argument by contending that it is not suing under the False Claims Act, but is suing for the return of money paid by mistake. In answer to this the defendant contends that whatever representations were made by the defendant were made at the suggestion and urging of agents of the United States Government, and that hence there was no "mistake" connected with the payment of the money because all of the facts were known to the Government's agents. After hearing oral arguments the Court ordered both sides to file affidavits or other probative evidence so that the motion to dismiss could be considered under Rule 56 of the Federal Rules of Civil Procedure as a motion for summary judgment. The deadline for filing supporting evidence has expired.

Now, after considering the record and the supporting evidence, the Court concludes that defendant's motion for summary judgment should be granted.

This record discloses that the defendant and his father-in-law, Mr. A. A. Russell, went to the office of Messrs. Harvey E. Hutchinson and Latimer A. Brock in Amite, Louisiana, to inquire about the "on-the-farm" training program. Mr. Hutchinson and Mr. Brock were employed by the Tangipahoa Parish School Board in the capacity of supervisors of the Veterans Institutional On-the-Farm Training Program. When defendant was asked if he was "farming full time," he replied that he could not depend on his farm for a living and had to "work construction" in order to make ends meet. He was then informed by Mr. Hutchinson that this did not disqualify him as long as he could attend classes in Hammond, Louisiana. Defendant was then approved for training by Mr. Hutchinson, and subsequently by the State of Louisiana Department of Education and by the Veterans Administration as required by the provisions of Title 38 U.S.C.A. § 1645. Two months later Mr. Hutchinson and another man came to inspect defendant's farm and were told that the defendant was working on a construction job and would not get home until late that night. Mr. Hutchinson replied that he would contact him later. Thus, there is no doubt that Mr. Hutchinson knew that the defendant was not employed full time on his farm and still he did not revoke or rescind his certification as to the eligibility of the defendant to receive these benefits. Thus, there was no mistake as to defendant's status as far as Mr. Hutchinson was concerned.

The evidence then shows that Mr. Hutchinson and Mr. Brock were apparently engaged in a scheme to defraud the Government. On May 21, 1964, they, along with others, were indicted by a Federal Grand Jury of defrauding the Government out of approximately $318,235.26. They were tried and found guilty on February 3, 1965. Mr. Hutch-

inson was given sixteen concurrent two year sentences, and Mr. Brock was given sixteen concurrent eighteen months sentences. Defendant was not among those charged.

There is no dispute about the fact that the payments made to the defendant were made pursuant to fraudulent claims for payment approved by Mr. Hutchinson and/or Mr. Brock. The only indication that the defendant submitted his claims for payment in a fraudulent manner is that he, of course, certified that he worked full time on a farm. But the evidence is certainly not convincing that he did this with any intent to defraud. On the contrary, he apparently did it with the consent of and at the urging of Mr. Hutchinson after making a full disclosure of his activities. He was assured by Mr. Hutchinson that he did, in fact, qualify for training under the program. But in any event, even if fraudulent intent were imputed to the defendant, this suit was obviously not timely filed under the False Claims Act, and if the Government intended to rely on that Act, they would, of course, be unsuccessful. The only real question is whether or not this money was paid to the defendant by "mistake." We think that it was not. It was, instead, paid as a result of fraud, pure and simple. But in view of the application for training, the approvals of the application, and the certification of training received, there was certainly no "mistake" made when payment was approved. The approval and payment were required in light of the documents which were valid on their face. The documents themselves, including the applications, approvals, and certifications, were not mistakenly made. They were knowingly, willfully and fraudulently prepared by Mr. Hutchinson and/or Mr. Brock. The payments were not mistakenly made. They were properly and lawfully made in light of the information, valid on its face, contained on the documents. Perhaps the defendant should have sued under the False Claims Act—but he was not. It is now too late to recover from

him under that Act. The Government did not pay him by mistake—they paid him deliberately on the basis of documents valid on their face even though they contained fraudulent misrepresentations.

■ Since we conclude that the payments were not made by mistake, and since it is too late to sue under the False Claims Act, it is immaterial whether or not Mr. Hutchinson and Mr. Brock were agents of the United States acting in the course of their employment. But should that determination be deemed relevant, it is the opinion of this Court that these men were, in fact, for the purposes of the transactions involved here, agents of the United States Government, and they were, indeed, acting in the course of their employment when they made or induced defendant to make false statements. While they were actually on the payroll of the local school board, they were, nevertheless, in charge of one of the most important phases of the farm training program. They were the ones who counseled and advised veterans as to their eligibility for the benefits and they were the ones who approved and submitted their applications. It is logical to assume that an applicant would rely on the representations of these men as being representations made by the Veterans Administration itself. Despite the fact that they were not directly on a federal payroll, it is the opinion of this Court that for the purposes, at least, of advising and accepting applications for farm training, they were agents of the United States Government and that the Government is bound, as to third parties, by their acts performed in the course of their employment. Thus it is the conclusion of this Court that while the payments involved here may have been fraudulently obtained, they were, nevertheless, not mistakenly made.

For these reasons, judgment will be entered herein in favor of the defendant, rejecting the demands of the Government.